UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Ronald R. Myles, Jr.,                                    Case No. 3:17-cv-01336

                      Plaintiff

             v.                                          OPINION AND ORDER

Marion Area Counseling Center, Inc., et al.,

                      Defendants


        Plaintiff *pro se* Ronald R. Myles, Jr., an inmate at FCI Gilmer, brings this civil rights action

against the following Defendants:   Marion Area Counseling Center Inc., Marion Probate Court,

Twin Valley Behavioral Health Care, Franklin County Probate Court, Marion County Jail, Marion

County Court of Common Pleas, Marion Municipal Court, Marion Sheriffs Dept., Marion Police

Department, Ronald Myles, Sr., Vivian Myles, Precious Bryant, Vandalia Municipal Court,

Montgomery County Jail, Lucas County Corrections, and the United States District Court.

        Plaintiff's extensive Complaint appears to allege Defendants conspired to hide the fact that

Plaintiff's father is actually the father of one of Plaintiff's children.   This conspiracy allegedly

involved committing Plaintiff to a mental institution and forcing him to take antipsychotic medicines

to try to kill him.   Plaintiff further alleges, *inter alia*, that:   he was sexually harassed and otherwise mistreated in jail, there were violations of his rights as a criminal defendant in a state prosecution against him, money he obtained in an armed bank robbery was not returned to him, authorities covered up sexual molestation of his child, and there were violations of his rights as a criminal defendant in the federal bank robbery prosecution for which he is now incarcerated..

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits.   *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).   A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.   *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).   District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.   *Beaudette*, 775 F.2d at 1278.   To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."   *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim.   *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief);   *cf. Denton v. Hernandez*, 504 U.S. 25 (1992)

(finding of frivolousness is appropriate if allegations rise to the level of irrational or wholly incredible).   This action is dismissed under section 1915A.   The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

_____s/Jeffrey J. Helmick_____
United States District Judge